UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RHONDA L. BLANN,                                    )
individually and on behalf of other similarly      )
situated persons,                                  )
                                                   )
                        Plaintiff,                 )
                                                   )
v.                                                 )         Case No. 20-2527-JWB
                                                   )
BANK OF AMERICA, N.A.,                             )
                                                   )
                        Defendant.                 )
_____)

## ORDER

Plaintiff brings this proposed class action, asserting defendant engaged in fraudulent and deceptive practices related to how plaintiff redeemed her home after foreclosure.  The parties submitted a joint case-management report on February 19, 2021 (ECF No. 23), in which they discussed their views on whether discovery should be stayed pending a ruling by the presiding U.S. District Judge, John W. Broomes, on defendant's motion to dismiss the case for failure to state a claim (ECF No. 19).[1]  Plaintiff requests that limited discovery go forward now, while defendant requests the court stay discovery pending Judge

---

[1] The report was filed in response to the court's February 2, 2021 order directing counsel in this and similar cases to "confer across all cases and then jointly file a report." ECF No. 21.  The court is impressed by counsel's high-level collaboration and joint submission of a concise and precise report.

O:\ORDERS\20-2527-JWB-Stay.docx

Broomes's ruling.  For the reasons discussed below, the court stays all discovery and pretrial proceedings pending a ruling on the dispositive motion.

As plaintiff notes, this court usually will not stay discovery merely on the basis of a pending dispositive motion.[2]  However, the court has recognized a stay may be appropriate if (1) the case is likely to be finally concluded via the dispositive motion; (2) the facts sought through discovery would not affect the resolution of the dispositive motion; or (3) discovery on all issues posed by the complaint would be wasteful and burdensome.[3]  The decision whether to stay discovery ultimately rests in the sound discretion of the court.[4]  As a practical matter, this calls for a case-by-case determination.[5]

After reviewing the parties' respective positions in their case-management report, as well as the motion to dismiss and memorandum in support, the court concludes this is one of the rare instances in which staying discovery is justified.  The motion to dismiss raises multiple, case-dispositive, legal issues.  Defendant asserts plaintiff's claims are

---

[2] *See Bank of Blue Valley v. Lasker Kim & Co.*, No. 15-9303-CM, 2016 WL 6604065, at *1 (D. Kan. March 29, 2016) (citing *Kutilek v. Gannon*, 132 F.R.D. 296, 297 (D. Kan. 1990) and *Garrett's Worldwide Enters., LLC v. United States*, No. 14-2281, 2014 WL 7071713, at *1 (D. Kan. Dec. 12, 2014)).

[3] *See Lofland v. City of Shawnee*, No. 16-2183, 2016 WL 5109941, at *1 (D. Kan. Sept. 20, 2016); *Citizens for Objective Public Educ., Inc. v. Kan. State Bd. of Educ.*, No. 13-4119, 2013 WL 6728323, at *1 (D. Kan. Dec. 19, 2013).

[4] *Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."); *Bank of Blue Valley*, 2016 WL 6604065, at *1.

[5] *Citizens for Objective Public Educ., Inc.*, 2013 WL 6728323, at *1.

2

barred by the statute of limitations and are precluded by res judicata or collateral estoppel. Defendant also asserts plaintiff failed to adequately plead the elements of her claims.  If Judge Broomes agrees with defendant on any of these arguments, the action will be dismissed and any discovery in the interim would have been wasteful and burdensome. Even if Judge Broomes does not grant the motion to dismiss in its entirety, his ruling will frame the course of this action and could narrow the scope of relevant discovery. Additionally, plaintiff does not contend she needs discovery in order to adequately respond to the dispositive motion.  Staying discovery will allow this action to proceed most efficiently for both the court and the parties.

IT IS THEREFORE ORDERED:

1.      All pretrial proceedings in this case, including discovery and initial disclosures, are stayed until further order of the court.

2.      If the case remains pending after Judge Broomes decides the motion to dismiss, counsel shall confer and submit a Fed. R. Civ. P. 26(f) planning report to the undersigned's chambers within 5 business days of the ruling.  The court will set a scheduling conference at that time.

Dated February 22, 2021, at Kansas City, Kansas.

 s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge

O:\ORDERS\20-2527-JWB-Stay.docx